REGAN, Judge.
This suit was instituted by the plaintiffs, Mrs. Nora Gibbs and her husband, to recover the sum of $27,223.85 from Mrs. Edna D. Rickerfor and Mr. Robert Estrada, the owner and lessee respectively of a grocery store where the plaintiff insists that she sustained disabling personal injuries as the result of a fall on the premises caused by a defect in the floor thereof.
Defendants answered, denying the allegations of the plaintiffs’ petition, and affirmatively asserting the negligence of the plaintiff as the sole cause of the accident. In the alternative, they pleaded the contributory negligence of the plaintiff. In addition thereto, the defendants filed third party petitions against each other. Plowever, the' record fails to disclose the disposition of *783 this aspect of the case. In any event, it is of no significance since no appeal was taken therefrom.
After a trial on the merits, judgment was rendered in. favor of the defendants, dismissing plaintiffs’ suit at their cost. From this judgment, plaintiffs have prosecuted an appeal. . .
The record reveals that on November 4, 1958, at approximately 3:00 p. m, plaintiff, á fifty year old woman, standing approximately 5 feet inches in height and weighing 229 pounds, entered a grocery store located in 2703 Ursuline Street, in the City of New Orleans. The premises were owned by Mrs. Edna D. Rickerfor and leased by her and her late husband, to Robert 'Estrada, who operated the grocery store therein.
When she had completed her marketing, the plaintiff gathered together her bundles and her handbag and departed through the front door of the establishment. Shortly thereafter, Estrada and Emile Milleur, one of Estrada’s employees, heard the plaintiff calling for help and saw her in a sitting position in the street behind her automobile, approximately 22 feet from the entrance to the store. Estrada and Milleur immediately went to the plaintiff’s assistance, helping her gather her packages and assisting her into her automobile. Plaintiff then drove away, and nothing more was mentioned about the accident until the present suit was filed.
The plaintiff contends that her fall was caused when her heel caught in a crack in the cement floor near the doorway of the defendant’s establishment. She explained that as a result thereof, she stumbled through the store’s two swinging doors, down two small steps and was propelled by virtue of her momentum across the sidewalk to the curb where she fell.
On the other hand, Estrada testified that he saw nothing unusual in the manner in which the plaintiff departed from the store and that there was no crack in the floor. He further related that when he helped the pláintiff from'the street, she admitted to him that- 'she- had slipped on the curbing, which was wet since it was raining-vihen the accident occurred.
' Estrada’s testimony is corroborated by Milleur, who testified that he did not see the plaintiff trip in the doorway and that the alleged crack was non-existent. Moreover, William E. Gordon, an independent insurance agent who inspected the premises the following day in the exercise of an abundance of caution, and Mrs. Edna D. Ricker-for both asserted that the floor was not cracked. The only other testimony relating to the condition of the floor emanated from the plaintiff’s sister-in-law, Mrs. Anna Simpson, who stated that while she was not present when the accident occurred, she had noticed a crack in the floor on previous visits to the defendant’s store.
In his reasons for judgment, the trial judge predicated his dismissal of the plaintiffs’ suit on their failure to prove that the accident occurred in the premises of the defendants’ store, and her failure to prove that the alleged defect in the'floor iii fact existed.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. . The -judge thereof obviously accepted the defendants’ version of the manner in which the accident occurred and, therefore, concluded that the defendants were free of any fault in connection with the accident.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the manner in which’ the accident occurred. The trial judge accepted the evidence adduced on behalf of the defendant, and our analysis' *784 of the record convinces us that the evidence preponderates in their favor. The judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is hereby affirmed at the plaintiff’s cost.
Affirmed.